AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
_____District of_____

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| _____ | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

  Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
  Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
 ❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
   § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
   Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
   (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
   through (c) of this paragraph, or two or more State or local offenses that would have been offenses
   described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
   jurisdiction had existed, or a combination of such offenses; **or**
  ❏ **(e)** any felony that is not otherwise a crime of violence but involves:
   **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
   **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
 ❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
  § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
  Federal jurisdiction had existed; **and**
 ❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
  committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
 ❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
  defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

## Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

- ❒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.
- ❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ❒ Weight of evidence against the defendant is strong
- ❒ Subject to lengthy period of incarceration if convicted
- ❒ Prior criminal history
- ❒ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❐ History of violence or use of weapons
❐ History of alcohol or substance abuse
❐ Lack of stable employment
❐ Lack of stable residence
❐ Lack of financially responsible sureties
❐ Lack of significant community or family ties to this district
❐ Significant family or other ties outside the United States
❐ Lack of legal status in the United States
❐ Subject to removal or deportation after serving any period of incarceration
❐ Prior failure to appear in court as ordered
❐ Prior attempt(s) to evade law enforcement
❐ Use of alias(es) or false documents
❐ Background information unknown or unverified
❐ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:




Nature and circumstances of offense(s):




The strength of the government's evidence:

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

The defendant's dangerousness/risk of flight:

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 2/17/2022 *nunc pro tunc*

United States Magistrate Judge

Attachment to Detention Order – US v. Johnson (21-mj-696)

**The Defendant's evidence/ arguments for release:**

Mr. Johnson, charged with receipt and possession of child pornography, requested the Court release him pending trial. He acknowledged the seriousness of the allegations but pointed out that the charges allegedly occurred two years ago. He requested his release into home incarceration under the custody of Ms. Partilar, a business owner who does not live with any children and who vowed to ensure Mr. Johnson would not have access to any electronic devices. He also requested the Court impose location monitoring and a stay away order from all children. Under these conditions he would not pose a danger to his community because he would not be around any children and would not have access to the internet. Further, he emphasized that he does not have a criminal history and has a strong record of consistent employment in the D.C. area. He highlighted his strong connections to his family in the area, many of whom are extremely involved in his life and have vowed to continue supporting him should the Court release him.

**Nature and circumstances of the offense(s):**

This factor favors pretrial detention. Mr. Johnson is charged with receiving and possessing child pornography, which are serious felonies involving the most vulnerable members of our community: children. The government alleges Mr. Johnson downloaded, discussed, and engaged in the production of videos depicting children pornography. To connect him to the alleged conduct, the government proffers forensic evidence from Mr. Johnson's phone as well as Mr. Johnson's own admissions to law enforcement officers. Further, the government proffers that a man in one of the videos has a tattoo that matches the design and location of a tattoo on Mr. Johnson's person. The Court finds such allegations incredibly troubling because if true, they imply a lifetime of consequences for the victims. *See* Attachment to Order of Detention Pending Trial at 6, United States v. Glover, No. 1:21-MJ-609 (D.D.C. Nov. 24, 2021), ECF No. 23 ("The Court recognizes the tolls that illicit sexual conduct with minors […] has taken, and continues to take, upon the community and particularly children, who are its most vulnerable members."). Further, the alleged acts occurred two years ago, which is within a recent amount of time. Since the offenses involve conduct that causes severe harm to vulnerable victims, this factor weighs in favor of pretrial detention.

**Strength of the government's evidence:**

The proffered evidence against Mr. Johnson is very strong. Mr. Johnson admitted to law enforcement officers that he received videos depicting child pornography from an unknown individual. The government proffers a forensic review of Mr. Johnson's devices which corroborates both this statement and the government's allegations. Accordingly, the evidence against Mr. Johnson is very strong and this factor weighs in favor of pretrial detention.

**Defendant's history and characteristics, including criminal history:**

This factor weighs in favor of release because Mr. Johnson is a productive member of the community. Mr. Johnson has strong relationships with his family and community, all of whom care deeply about his success. He has a stable job with positive customer reviews and does not have a criminal history. For these reasons, this factor weighs in favor of release.

Attachment to Detention Order – US v. Johnson (21-mj-696)

**Defendant's dangerousness/ risk of flight:**

This factor weighs in favor of pretrial detention because there are no conditions the Court could impose to assure the safety of the community. Under Mr. Johnson's proposed release conditions, Mr. Johnson could find ways to gain access to the internet and to children. With such access, he could engage in the alleged receipt, possession, and production of child pornography again. The potential resulting risk of harm to the community would be severe: the impact on children from sexual abuse is catastrophic. As such, the government has shown by clear and convincing evidence that Mr. Johnson's release would pose a danger to his community. Therefore, the Court orders that Mr. Johnson be detained pending trial.